[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16405
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00012-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH D. BAUGHNS,

Defendant-Appellant.

_____

No. 12-16406
Non-Argument Calendar
_____

D.C. Docket No.  3:08-cr-00016-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH D. BAUGHNS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(October 25, 2013)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Joseph Baughns appeals his 85-month total sentence, imposed after pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and revocation of his supervised release, 18 U.S.C. § 3583(e)(3), on an earlier felon in possession of a firearm conviction. On appeal, Baughns argues that: (1) the district court's decision to run his 61-month sentence for the conviction offense and the 24-month sentence for the revocation of supervised release consecutively was procedurally unreasonable, because the district court failed to explain why it was imposing the sentences consecutively; and (2) his 61-month, above-guideline sentence is substantively unreasonable because the district court gave no weight to Baughns's mitigating evidence. The government argues that Baughns waived any right to a direct appeal of the substantive reasonableness of his 61-month sentence because of an appeal-waiver provision in his plea agreement. After careful review, we affirm.

2

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  We review the validity of a sentence appeal waiver de novo.  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  The district court is not, however, required to discuss all of the § 3553(a) factors in explaining its sentencing decision.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Relevant to the procedural reasonableness of the district court's sentence in this case are the law and Sentencing Guidelines concerning consecutive sentences. The United States Code provides that "[t]he [district] court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."  18 U.S.C. § 3584(b).  Further, the Sentencing Guidelines provide that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f).  The commentary to § 7B1.3 also says that "it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation."  Id. § 7B1.3, comment. (n.4).

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51).  Applying "deferential" review, we must determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  Talley, 431 F.3d at 788.

"[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011).  We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences.   United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).  A district court's unjustified reliance upon any one § 3553(a) factor may be a symptom of an unreasonable sentence.  United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).  A district court's failure to give mitigating factors the weight a defendant contends they deserve, however, does not render the sentence unreasonable.  United States v. Lebowitz, 676 F.3d 1000, 1016-17 (11th Cir. 2012), cert. denied, 133 S.Ct. 1492 (2013).   A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).   The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010).

Here, Baughns has failed to demonstrate that the district court imposed a procedurally unreasonable sentence by denying his request for concurrent sentences on his supervised release revocation and felon in possession of a firearm conviction. The district court expressly said that it considered the § 3553(a) factors in imposing the sentence. After the district court imposed the consecutive sentences, it specifically explained its consideration of the § 3553(a) factors, including: Baughns's criminal history; the nature and circumstances of the current felon in possession of a firearm offense, and its similarities to his previous felon in possession of a firearm offense; Baughns's history and characteristics; the need for adequate deterrence; and the need to protect the public from further criminal activity by Baughns. Contrary to Baughns's assertion, the district court's discussion of the § 3553(a) factors was in no way "cursory." Although the district court did not specifically discuss how the § 3553(a) factors justified the consecutive nature of the sentence, Baughns points to no authority requiring the court to do so. In any event, there is no requirement that the district court even discuss all the § 3553(a) factors. See Talley, 431 F.3d at 786. Furthermore, by imposing consecutive sentences, the district court followed the § 3553(a)(5) factor of the policies and recommendations of the Sentencing Commission regarding revocation of supervised release. See U.S.S.G. § 7B1.3; 18 U.S.C. § 3553(a)(5).

6

Turning to substantive reasonableness, we first must determine whether Baughns has waived his right to appeal this issue through the appeal waiver in his plea agreement.  A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  Id. at 1351.

We have enforced an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that [he] understood the provision and that [he] entered into it freely and voluntarily."  United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001).  An appeal waiver "cannot be vitiated or altered by comments the court makes during sentencing."  United States v. Bascomb, 451 F.3d 1292, 1297 (11th Cir. 2006).

In this case, Baughns's appeal waiver is valid.  Baughns acknowledged that he understood that he could not appeal the sentence imposed by the district court "except for very limited reasons."  Additionally, Baughns agreed that he "freely and voluntarily waive[d] [his] right to appeal [his] sentence except under limited circumstances."  Although the district court did not engage in a long discussion

7

about the appeal waiver with Baughns, the district court certainly did more than simply "reference" the waiver and Baughns certainly agreed that he understood the provision and entered into it freely and voluntarily.  Finally, although the presentence investigation report ("PSI") stated that Baughns retained the right to appeal if the district court imposed a sentence greater than the advisory guideline range, this does not render the appeal waiver invalid.  Because an appeal waiver cannot be "vitiated or altered" by a district court's comments during sentencing, it likewise cannot be "vitiated or altered" by a probation officer in his preparation of the PSI.  Therefore, because Baughns's appeal waiver only preserved his right to appeal in the event of an upward departure under U.S.S.G. §§ 5K2.0 or 4A1.3, Baughns has waived his right to appeal the imposition of his 61-month sentence.[2]

**AFFIRMED.**

---

[2]    In any event, the issue is meritless.  As we've discussed, the district court said that it had considered the various § 3553(a) factors and expressly addressed several of the factors and how they affected the district court's sentencing decision.